# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## LUFKIN DIVISION

| | | |
|---|---|---|
| **PHILADELPHIA INDEMNITY INSURANCE COMPANY,** | § § § | |
| *Plaintiff,* | § § § | |
| **V.** | § § | CIVIL ACTION NO. 9:04cv82 |
| **BROOKSHIRE BROTHERS, LTD. and BROOKSHIRE BROTHERS HOLDING, INC.,** | § § § § § | Judge Clark |
| *Defendants.* | § § | |

*FILED - CLERK*
*U.S. DISTRICT COURT*
*2004 MAY -5 PM 1: 52*
*TX EASTERN - LUFKIN*
*BY DH*

## PLAINTIFF'S ORIGINAL COMPLAINT
## FOR DECLARATORY JUDGMENT

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, PHILADELPHIA INDEMNITY INSURANCE COMPANY, and pursuant to 28 U.S.C. § 2201 files this its Original Complaint for Declaratory Judgment against BROOKSHIRE BROTHERS, LTD. and BROOKSHIRE BROTHERS HOLDING, INC., and for cause of action would respectfully show the Court as follows:

### I.
### JURISDICTION

1.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1441(b), because complete diversity of citizenship exists between the Plaintiff and each of the Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## II.
### PARTIES

2.     Plaintiff, PHILADELPHIA INDEMNITY INSURANCE COMPANY ("Plaintiff"), is a foreign insurance company with its principal place of business located in Bala Cynwyd, Pennsylvania. Plaintiff is duly authorized to conduct insurance business in the state of Texas, and does conduct such business in Texas.

3.     Defendant BROOKSHIRE BROTHERS, LTD. is a Texas limited partnership duly authorized to conduct business in the state of Texas, and which does conduct business in Texas. Said Defendant may be served with process by serving its designated agent for service, Tim Hale, at 1201 Ellen Trout Drive, Lufkin, Texas 75904.

4.     Defendant BROOKSHIRE BROTHERS HOLDING, INC. is a person has or may claim an interest that would be affected by the declaratory judgment sought through this action. Brookshire Brothers Holding, Inc. is a Texas corporation duly authorized to conduct business in the state of Texas, and which does conduct business in Texas. Said Defendant may be served with process by serving its designated agent for service, Tim Hale, at 1201 Ellen Trout Drive, Lufkin, Texas 75904.

### III.
### FACTUAL BACKGROUND

5.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, this suit seeks a declaration of rights and duties under an insurance policy that Plaintiff issued to Defendant Brookshire Brothers Holding, Inc., specifically as that policy relates to two  underlying lawsuits filed against Defendant Brookshire Brothers, Ltd.

## The Underlying Lawsuits

6.      The underlying lawsuits (collectively the "Underlying Lawsuits") that form part of the basis of this action are identified as follows:

> Civil Action No. 9:03-CV-00034, *John Newell v. Brookshire Brothers, Ltd.*, pending before the United States District Court for the Eastern District of Texas, Lufkin Division (the "Newell Lawsuit"), and
>
> Civil Action No. 9:03-CV-00171, *Harvey Uhrich v. Brookshire Brothers, Ltd.*, also pending before the United States District Court for the Eastern District of Texas, Lufkin Division (the "Uhrich Lawsuit").

7.      The Underlying Lawsuits arise out of the termination of two employees by Defendant Brookshire Brothers, Ltd., an affiliated entity of Defendant Brookshire Brothers Holding, Inc. Each of these two claimants, Newell and Uhrich, allege in their respective suits that they were illegally terminated based upon their age, in violation of the Age Discrimination in Employment Act of 1967.

### A.      Newell's EEOC Claim and the Newell Lawsuit

8.      Prior to filing his underlying employment discrimination suit, Newell filed a Charge of Discrimination with the EEOC, and against Brookshire Brothers, Ltd.. Newell filed that Charge of Discrimination on or about July 12, 2002.

9.      The EEOC sent Brookshire Brothers, Ltd. a Notice of Charge of Discrimination, with Newell's charge, on or about July 25, 2002.

10.     Plaintiff's Original Complaint in the Newell Lawsuit was filed on February 7, 2003.

11.    Brookshire Brothers, Ltd., acting through attorney in fact David Allen, agreed to waive service of summons on the Newell Lawsuit. Plaintiff's Original Complaint in the Newell Lawsuit was delivered to David Allen's law office on or about February 10, 2003.

12.    Brookshire Brothers, Ltd. filed an Original Answer to Plaintiff's Original Complaint in the Newell Lawsuit on February 27, 2003.

13.    On or about October 8, 2003, Brookshire Brothers, Ltd., acting either through its agent, representative, employee, or attorney, furnished notice of the Newell Lawsuit, and of the underlying basis therefor, to Wisenberg Insurance + Risk Management ("Wisenberg"). On such date, Wisenberg was an insurance broker for the Brookshire Defendants.

14.    The notice provided on October 8, 2003, as referenced in the immediately preceding paragraph of this complaint, was the first notice of Newell's charges of employment discrimination or of his suit arising therefrom, that Brookshire Brothers, Ltd., Brookshire Brothers Holding, Inc., or anyone acting on its/their behalf provided to their insurance broker.

15.    On or about October 16, 2003, Wisenberg provided the notice of the Newell Lawsuit and of the underlying basis therefor, to Plaintiff. Such notice was provided by sending Plaintiff a document entitled "First Notice of Claim."

16.    Over 440 days elapsed between the date Brookshire Brothers, Ltd. received the first notice of the EEOC's Notice of Charge of Discrimination relating to Newell's employment discrimination claim and the date either Brookshire Brothers, Ltd., Brookshire Brothers Holding, Inc., or anyone acting on their behalf, provided notice of that employment discrimination claim to Plaintiff.

17.    Over 240 days elapsed between (a) the date Brookshire Brothers, Ltd., or its attorney or other authorized agent or representative, received service of process and of Plaintiff's Original Complaint in the Newell Lawsuit and (b) the date either Brookshire Brothers, Ltd., Brookshire Brothers Holding, Inc., or anyone acting on their behalf, provided notice of the Newell Lawsuit to Plaintiff.

### B.    Uhrich's EEOC Claim and the Uhrich Lawsuit

18.    Prior to filing his underlying lawsuit, Uhrich filed a Charge of Discrimination with the EEOC and against Brookshire Brothers, Ltd.   Uhrich filed that Charge of Discrimination on or about December 11, 2002.

19.    The EEOC sent a Notice of Charge of Discrimination and Uhrich's charge of discrimination to Brookshire Brothers, Ltd., on or about December 18, 2002.

20.    The EEOC's Notice of Charge of Discrimination was delivered to Brookshire Brothers, Ltd. on or about December 23, 2002.

21.    On February 27, 2003, Brookshire Brothers, Ltd. sent the EEOC a written response to Ulrich's Charge of Discrimination.

22.    Plaintiff's Original Complaint in the Uhrich Lawsuit was filed on July 16, 2003.

23.    Plaintiff's Original Complaint in the Uhrich Lawsuit was served upon Brookshire Brothers, Ltd., or its authorized agent or representative, on or about July 23, 2003.

24.    Plaintiff's Original Complaint in the Uhrich Lawsuit was not served upon Brookshire Brothers, Ltd. between the dates of May 1, 2002 and May 1, 2003.

25.    Brookshire Brothers, Ltd. filed an Original Answer to Plaintiff's Original Complaint in the Uhrich Lawsuit on August 13, 2002.

26.     On or about October 20, 2003, Brookshire Brothers, Ltd., acting either through its agent, representative, employee, or attorney, furnished notice of the Uhrich Lawsuit, and of the underlying basis therefor, to Plaintiff.

27.     The notice provided on or about October 20, 2003, as referenced in the immediately preceding paragraph of this complaint, was the first notice of Uhrich's charges of employment discrimination or of his suit arising therefrom that Brookshire Brothers, Ltd., Brookshire Brothers Holding, Inc., or anyone acting on its/their behalf provided to Plaintiff.

28.     Over 300 days elapsed between the date Brookshire Brothers, Ltd. received the first notice of the EEOC's Notice of Charge of Discrimination relating to Uhrich's employment discrimination claim and the date either Brookshire Brothers, Ltd., Brookshire Brothers Holding, Inc., or anyone acting on their behalf, provided notice of that employment discrimination claim to Plaintiff.

29.     Over 88 days elapsed between (a) the date Brookshire Brothers, Ltd., or its attorney or other authorized agent or representative, received service of process and of Plaintiff's Original Complaint in the Uhrich Lawsuit and (b) the date either Brookshire Brothers, Ltd., Brookshire Brothers Holding, Inc., or anyone acting on their behalf, provided notice of the Uhrich Lawsuit to Plaintiff.

**The Insurance Policy**

30.     On or about May 1, 2002, Plaintiff issued to Defendant Brookshire Brothers Holding, Inc. a policy of insurance entitled "Executive Safeguard Policy" and numbered as Policy Number PHSD028095 (the "Policy").

31.    A true and correct copy of the Policy is attached to this pleading as Exhibit "A"

and incorporated herein for all purposes.

32.    The Policy includes, as Part 2 thereof, Employment Practices Liability
Insurance.

33.    The Policy is comprised of the Declarations, Application, Coverage Part and
several Endorsements, which modify the coverage parts of the Policy.

34.    The Policy is a "claims-made" policy.

35.    The Policy states that the Policy Period is from May 1, 2002 to May 1, 2003.

36.    The Common Policy Conditions of the Policy define the term "Company," as
used in the context of who constitutes an insured party, to mean the company named in the
Declarations, which is Brookshire Brothers Holding, Inc., and "any Subsidiary thereof."
Plaintiff therefore assumes, without admitting, that Brookshire Brothers, Ltd. – the employer
of Newell and Uhrich, and the party they have each named as the defendant in the Underlying
Lawsuits – is an insured under the policy.  Plaintiff hereinafter sometimes collectively refers
to Brookshire Brothers Holding, Inc. and Brookshire Brothers, Ltd. as "the Brookshire
Defendants."

37.    The Policy defines a "claim" as follows:

> Claim means the service or other receipt by an Insured of:
>
> 1.    a written demand for monetary or non-monetary relief; or
>
> 2.    a complaint or similar pleading initiating a judicial,
>       administrative or arbitration proceeding (including any
>       appeal therefrom) which subjects an Insured to a binding
>       adjudication of liability for damages or other relief.

38.    Newell made a "Claim" against Brookshire Brothers, Ltd., as that term is defined

in the Policy, on or about July 25, 2002.

39.    Uhrich made a "Claim" against Brookshire Brothers, Ltd., as that term is defined

in the Policy, on or about December 18, 2002.

40.    The Common Policy Conditions include the following provisions:

1.    In the event that a Claim is made, the Company shall, as a condition precedent to the obligations to the Insurer under this Policy, give written notice with full particulars as soon as practicable to the Insurer during the Policy Period (or Extended Reporting Period, if applicable).

2.    If during the Policy Period the Company and/or the Insured becomes aware of any circumstances which may subsequently give rise to a Claim and, as soon as practicable thereafter, but before the termination of this Policy, gives written notice to the Insurer of the circumstances and the reasons for anticipating such a Claim with full particulars, dates and persons involved, then any claim which is subsequently made will be considered made during the Policy Period.

3.    All loss arising out of the same Wrongful Act and all Interrelated Wrongful Acts shall be deemed one Loss, and such Loss shall be deemed to have originated in the earliest Policy Period in which a Claim is first made against and Insured and/or the Company alleging any such Wrongful Act or Interrelated Wrongful Acts.

4.    Notice of any Claim or circumstance which may give rise to a Claim shall be given in writing to the Company.

41.    The Brookshire Defendants have failed to satisfy a condition precedent to their

obligations to Plaintiff under the Policy, based upon the Brookshire Defendants' failure to

"give written notice with full particulars as soon as practicable to [Plaintiff] during the Policy

Period Policy."

## IV.
### DECLARATORY JUDGMENT ACTION

42.     Plaintiff has commenced this suit for a determination as to whether it owes Brookshire Brothers, Ltd. any duty of defense and/or indemnity from or against the claims asserted against such defendants in the Underlying Lawsuits. Accordingly, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, Plaintiff petitions the Court for a judgment declaring:

a.     That Plaintiff owes no duty to provide any defense for Brookshire Brothers, Ltd. under Policy No. PHSD028095 from or against the claims asserted in the Newell Lawsuit;

b.     That Plaintiff owes no duty to provide any defense for Brookshire Brothers, Ltd. under Policy No. PHSD028095 from or against the claims asserted in the Uhrich Lawsuit; and

c.     That Plaintiff recover its costs, as allowed pursuant to the Declaratory Judgment Act.

WHEREFORE, Plaintiff, Philadelphia Indemnity Insurance Company, requests by this pleading that the District Court Judge adjudge:

(1)     That Plaintiff owes no legal duty to provide any defense or indemnity on behalf of Brookshire Brothers, Ltd. under Policy No. PHSD028095, from or against the claims asserted by John Newell in Civil Action No. 9:03-CV-00034, *John Newell v. Brookshire Brothers, Ltd.*, which is pending in the United States District Court for the Eastern District of Texas, Lufkin Division; and

(2)     That Plaintiff owes no duty to provide any defense or indemnity on behalf of Brookshire Brothers, Ltd. under Policy No. PHSD028095 from or against the claims or causes of action asserted by Harvey Uhrich

in Civil Action No. 9:03-CV-00171, *Harvey Uhrich v. Brookshire Brothers, Ltd.*, which is pending in the United States District Court for the Eastern District of Texas, Lufkin Division; and

(3)     That Plaintiff recover its costs, as allowed pursuant to the Declaratory Judgment Act; and

(4)     That Plaintiff have such other and further relief, whether at law or in equity, to which it may be justly entitled.

Respectfully submitted,

_____

William R. Pilat
Texas Bar No. 00788205
1415 Louisiana, Suite 4200
Houston, Texas  77002
Telephone:  713-659-1010
Facsimile:  713-659-1122

OF COUNSEL:

DAVIS ORETSKY, P.C.
1415 Louisiana, Suite 4200
Houston, Texas  77002
Telephone:  713-659-1010
Facsimile:  713-659-1122